UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE LANDS COUNCIL, a Washington nonprofit corporation, HELLS CANYON PRESERVATION COUNCIL, an Oregon nonprofit corporation, OREGON NATURAL RESOURCES COUNCIL, an Oregon nonprofit corporation, and SIERRA CLUB, a California nonprofit corporation,<br><br>      Plaintiffs,<br><br>    v.<br><br>KEVIN MARTIN, Forest Supervisor of the Umatilla National Forest, and the UNITED STATES FOREST SERVICE, an agency of the United States Department of Agriculture,<br><br>      Defendants,<br><br>    and<br><br>AMERICAN FOREST RESOURCE COUNCIL, an Oregon corporation; BOISE BUILDING SOLUTIONS MANUFACTURING, LLC, a Washington limited liability company; and Dodge Logging, Inc., an Oregon corporation,<br><br>      Defendant-Intervenors. | NO. CV-06-0229-LRS<br><br>ORDER RE: POST-PRELIMINARY INJUNCTION MARKING AND VERIFICATION |

    BEFORE THE COURT is Defendant's Motion for Preliminary Injunction, Ct. Rec. 94, filed February 14, 2007; Plaintiffs' Motion

ORDER ~ 1

to Implement Preliminary Injunction, Ct. Rec. 97, filed February 15, 2007; and Plaintiffs' Amended Motion to Implement Preliminary Injunction, Ct. Rec. 101, filed February 16, 2007.

Pursuant to the judgment of the Ninth Circuit Court of Appeals filed and entered on February 12, 2007, the captioned matter was remanded to this court with instructions to grant immediately a preliminary injunction with respect to Plaintiffs' claim under the National Forest Management Act ("NFMA").  On February 14, 2007, this Court entered an Order Granting Plaintiffs' Preliminary Injunction In Part (Ct. Rec. 96), which precipitated the above-mentioned motions from both sides relating to implementation of the preliminary injunction order.

Plaintiffs request that this Court preliminarily enjoin Defendants from School Fire logging project activities until the Forest Service has marked the School Fire logging sales units in an effort to ensure that large, live trees within the School Fire perimeter are not harvested pursuant to the Final Environmental Impact Statement and Record Decision.  Plaintiffs ask that they be allotted time to review and verify that no trees are marked for cutting in violation of the Eastside Screens.  Further, Plaintiffs request that the Defendants be required to notify Plaintiffs and this Court once the marking/re-marking is completed.

At the telephonic status conference held pursuant to this matter on April 13, 2007, Defendants argued that the Forest Service should be afforded the presumption of compliance with regard to the February, 2007 Preliminary Injunction issued in accordance with the mandate and

ORDER ~ 2

opinion of the Ninth Circuit.  Defendants further explained that timing, expense and safety of any untrained persons involved in the verification process were issues that caused them concern regarding any marking and verification directive the Court may issue.

Without abandoning their stated positions, Plaintiffs and Defendants generally agreed that a staggered marking schedule would be workable as long as it was timely and logistically reasonable.  As for the verification of the marking requested by Plaintiffs, counsel indicated that Plaintiffs would be amenable to a sampling approach whereby selected marked trees would be observed and deemed to represent an area for compliance of the preliminary injunction.  The Defendants suggest that re-marking of the sales area could be completed by a four person crew in approximately one month, depending on the number of employees assigned to the task.

The Court, having considered the written and oral arguments of the parties, hereby enters the following order to resolve any concerns regarding the implementation of the preliminary injunction ordered on February 14, 2007.  Accordingly,

**IT IS ORDERED** that:

1. Before restarting logging activities which involve the cutting of trees, the Forest Service shall arrange to have all live trees that are equal to or greater than 21 inches dbh [diameter at breast height] marked/re-marked with appropriate paint in the Oli and Sun units [1]  The Forest Service and Plaintiffs shall cooperate in an effort to stagger

---

[1] The Court has been informed that the Milly unit has been completed for cutting and yarding pursuant to the sale.

ORDER ~ 3

areas to be marked.  Verification through sampling and observation by Plaintiffs shall occur as hereafter set forth.

2.   The Plaintiffs may arrange with Defendants to have Plaintiffs' representatives verify the marked trees in a reasonable manner, i.e., in stages by sampling method, for compliance with the preliminary injunction and this order in the Oli and Sun areas.  When approximately 50 percent of the trees have been marked/re-marked, Plaintiffs shall be given prompt notice of the area(s) which have been marked/re-marked and shall be permitted access thereto to confirm through sampling techniques and observation that no non-hazardous live trees 21 inches dbh or greater have been marked for removal.  The same procedure (notice and access) shall be followed as soon as the remaining trees have been marked/re-marked by Defendant U.S. Forest Service.  Plaintiffs shall conclude their sampling and observation activities within 10 days after receipt of written notification through Plaintiffs' counsel as to the areas included therewith.  Except as hereafter set forth, logging may recommence at the end of each verification period in accord with the terms of the Court's earlier preliminary injunction unless the same is precluded by further order of the Court, following an expedited hearing as provided in paragraph 3 hereafter.

Plaintiffs and their representatives shall proceed with their verification and observation activities at a time and under circumstances where interference does not occur with ground operations and safety is fully assured.

///

///

ORDER ~ 4

3.  If the parties are unable to resolve any disputes over marketing determinations, the matter(s) shall be submitted on an expedited basis to the Court for resolution.

4.  Although the foregoing provisions apply to sales which have already been undertaken, nothing contained herein shall permit either party to engage in activities inconsistent with the 9th Circuit's opinion and the earlier preliminary injunction entered herein.

5.  Except as otherwise set forth above and in the Order Granting Plaintiffs' Preliminary Injunction In Part, Ct. Rec. 96, the following motions are **DENIED**:

   a. Defendant's Motion For Preliminary Injunction, Ct. Rec 94;

   b. Plaintiffs' Motion To Implement Preliminary Injunction, Ct. Rec. 97; and

   c. Plaintiffs' Amended Motion To Implement Preliminary Injunction, Ct. Rec. 101.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this 20th day of April, 2007.

*s/Lonny R. Suko*
_____
Lonny R. Suko
United States District Judge